IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE D. GRANT and TOMMY JOE GRANT, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | Civil Action No. 3:15-CV-4025-D |
| WILLIAM RAYMOND RATHBUN, et al., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In this action removed on the basis of diversity jurisdiction, plaintiffs move for leave to file an amended complaint after the deadline for filing motions for leave to join parties. They seek to join two defendants, one of whom would destroy complete diversity. For the reasons that follow, the court denies the motion.

I

This is a removed action in which plaintiffs Yvonne D. Grant ("Yvonne") and Tommy Joe Grant ("Tommy") sue defendants William Raymond Rathbun ("Rathbun") and R&E Enterprises of Mankato, Inc. ("R&E") arising from a motor vehicle accident in 2014. Rathbun was the driver of an 18-wheeler owned by R&E, who was Rathbun's employer. Wenger Corporation ("Wenger") hired R&E to deliver cargo to its buyer, MTGS Enterprises, LLC d/b/a M&S Enterprises and also d/b/a M&S Installations ("MTGS"), from Minnesota to a public storage facility (the "Facility") in Dallas County, Texas. Rathbun drove the 18-

wheeler containing the cargo for R&E, and, when he arrived at the Facility, he parked the truck and left it idling on Westmoreland Road—a two-way, six-lane street—in a no parking zone.   Yvonne, who was driving her own vehicle, rear-ended Rathbun's parked truck. Yvonne was not expecting a vehicle to be parked on Westmoreland Road, and she could not stop in time to avoid the collision.   Yvonne was injured in the collision, and she and Tommy both sustained damages.   In their original state-court petition, plaintiffs bring claims against Rathbun for negligence and against R&E for negligent entrustment, vicarious liability for Rathbun's negligence, and negligence (failure to properly train and/or supervise).

After defendants removed this case from state court based on diversity jurisdiction, the court entered a scheduling order that set a February 26, 2016 deadline for filing a motion to join parties.   On March 17, 2016—after the deadline for moving for leave to join parties—plaintiffs filed the instant motion for leave to file amended complaint, seeking to join two defendants: Wenger and MTGS.   Defendants oppose the motion, contending that plaintiffs are seeking to join MTGS solely to divest the court of subject matter jurisdiction,[1] and that plaintiffs have not shown good cause for amending the scheduling order to permit

---

[1]Defendants removed based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of Texas, and Rathbun is a citizen of Minnesota.   R&E is also a citizen of Minnesota because it is incorporated under the laws of Minnesota and has its principal place of business in Minnesota.   In their proposed amended complaint, plaintiffs allege that Wenger is a "Minnesota corporation doing business in Texas," and that MTGS is "a Texas Limited Liability Company doing business in Texas."   Mot. Ex. A ¶¶ 5-7.   These are insufficient allegations of citizenship.   But because the parties agree that MTGS is a Texas citizen for diversity jurisdiction purposes, the court will assume *arguendo* that MTGS is a Texas citizen and that adding MTGS as a defendant would destroy diversity jurisdiction.

them to file the motion for leave to join parties.

## II

The court begins by addressing a threshold question.  Plaintiffs appear to contend that their motion is timely because it was filed before the August 1, 2016 deadline for filing motions for leave to amend pleadings.  They therefore maintain that their motion is governed by the more lenient standard of Fed. R. Civ. P. 15.  The court disagrees.

Plaintiffs "request permission to amend their Complaint to add additional Defendants, [Wenger] and [MTGS]."  Mot. at 2.  A party cannot use a motion for leave to amend the pleadings as a device to circumvent the separate deadline for moving for leave to join parties. Such a reading of a scheduling order would effectively render meaningless the deadline for leave to join parties, because an amended pleading could be used to add parties.  Plaintiffs were therefore required to move for leave to add Wenger and MTGS as parties by the February 26, 2016 deadline for moving for leave to join parties.  The court therefore will treat plaintiffs' motion as a motion for leave to join parties, which is untimely because it was filed on March 17, 2016—almost one month after the deadline for joining parties. Accordingly, the court applies the good cause standard of Rule 16(b)(4),[2] not the more

---

[2]A movant seeking leave to join parties must satisfy the requirements of Rule 16(b)(4) before the court evaluates whether leave to join parties should be granted under the more liberal standard of Rule 20, which provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

lenient standard of Rule 15.

### III

The court now decides whether plaintiffs have satisfied the Rule 16(b)(4) good cause standard.

### A

Rule 16(b)(3)(A) provides that the court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish

---

transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Rule 20(a)(2). "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam) (citing cases). "Generally, as long as both prongs of the test are met, 'permissive joinder of plaintiffs . . . is at the option of the plaintiffs.'" *Id.* (quoting *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id.* (citations omitted).

"good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). "Instead, the movant must show that, despite her diligence, she could not reasonably have met the scheduling deadline." *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *2 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

The court assesses four factors when deciding whether to grant a motion for leave to file an untimely motion under Rule 16(b)(4): "(1) the explanation for the failure to timely [file the motion]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted); *see also M-I L.L.C. v. Stelly*, 2012 WL 1555913, at *1 (S.D. Tex. May 1, 2012). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

## B

Plaintiffs do not address the Rule 16(b)(4) good cause standard in their motion for leave to file amended complaint. They have not filed a reply to defendants' response, and therefore have not replied to defendants' assertion that Rule 16(b)(4) applies. "When a party files an untimely motion . . . and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l*

*Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1).  But the court has made exceptions in cases where the movant did not address the Rule 16(b)(4) good cause standard but the grounds on which the movant relied to establish good cause were relatively clear.  *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("[The movant] neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test."); *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.) ("[The movant] does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear.").  Accordingly, because the grounds on which plaintiffs rely are sufficient to enable the court to apply the four-factor test, the court will consider on the present briefing whether plaintiffs have met the good cause standard of Rule 16(b)(4) to amend the scheduling order and enable them to file their motion for leave to join parties.

C

1

The court considers first plaintiffs' explanation for failing to timely file their motion for leave to file amended complaint.  Plaintiffs maintain that "[their] counsel recently received a document production from the current Defendants which included email documents and a bill of lading suggesting that [Wenger and MTGS] may be liable for damages to the Plaintiffs."  Mot. at 2.  They aver that "discovery revealed that [Wenger] (the

shipper) dispatched [Rathbun] to drive an 18-wheeler belonging to [R&E] to a public storage facility in Dallas, Texas.  [MTGS] was the buyer of the load and was to meet the truck at the public storage facility in order to unload the shipment." *Id.* (parenthesis in original).  Thus plaintiffs posit that this "new evidence shows that [Wenger and MTGS] exerted control over the location in which [Rathbun's] truck was to be unloaded" and therefore "are liable to Plaintiffs for the damages caused from the incident in question." *Id.* at 3.

Plaintiffs filed this case in state court on November 4, 2015, and defendants removed the case to this court on December 21, 2015.  On January 20, 2016 defendants served their Rule 26 initial disclosures on plaintiffs' counsel, Kristofor S. Heald, Esquire ("Heald"), which included the email related to the delivery and the bill of lading.  The email sent by a Wenger employee provides the date, time, and location for the drop-off, as well as the identity of the buyer, and the bill of lading confirms the location and the identity of the shipper.  Additionally, the email and bill of lading were used as exhibits during Rathbun's deposition on January 27, 2016.  In fact, Heald, who signed plaintiffs' motion for leave to file amended complaint, examined Rathbun at length at his deposition.  On February 2, 2016 the parties filed a joint scheduling proposal that proposed a February 26, 2016 deadline for joining parties, and, on February 8, 2016, the court entered a scheduling order that set February 26, 2016 as the deadline for a party to file a motion for leave to join parties. Plaintiffs filed their motion for leave to join Wenger and MTGS on March 17, 2016, after the deadline.

Plaintiffs' explanation for failing to file a timely motion to join parties is

- 7 -

unpersuasive.  Heald had possession of the email and bill of lading on January 20, 2016, and

he was aware of their contents at least by January 27, 2016, when they were used as exhibits

at Rathbun's deposition.   That Heald had notice of these facts approximately one month

before the February 26, 2016 deadline for seeking leave to join parties suggests that he could

have complied with the scheduling order deadline for seeking leave to join Wenger and

MTGS.  *See, e.g., Nieves*, 2014 WL 2587577, at *2 (noting that defendant disclosed identity

of party whom plaintiff sought to join before deadline for seeking leave to join parties, and

holding that plaintiff's notice of these facts before that deadline suggested that plaintiff could

have complied with scheduling order deadline for joining parties); *Am. Tourmaline Fields

v. Int'l Paper Co.*, 1998 WL 874825, at *2 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.) (holding

that plaintiff failed to demonstrate good cause where it was aware of certain facts but failed

to amend by the court-ordered deadline).  And plaintiffs provide no explanation for why they

waited almost two months after learning of these facts to file their motion for leave to join

Wenger and MTGS.

        Accordingly, plaintiffs have failed to provide a persuasive explanation for failing to

file their motion for leave to join parties by the scheduling order deadline.

2

        The second factor considers the importance of the amendment.  Plaintiffs maintain

that they would be significantly injured if their amendment is not allowed because

- 8 -

> [Rathbun] and [R&E] will disclaim responsibility at trial by
> asserting that [Wenger] and [MTGS] directed [Rathbun]
> regarding where to take the 18-wheeler and failed to ensure a
> safe location was available for parking the 18-wheeler.  And,
> without being present, [Wenger] and [MTGS] will not be able
> to defend the allegations made against them.  Furthermore, if
> Plaintiffs were required to bring a separate state court action
> against [Wenger] and [MTGS], there is an appreciable risk of
> inconsistent results.  Moreover, maintaining parallel proceedings
> based on the same set of facts would waste judicial resources.

Mot. at 5-6.  Defendants respond that the amendment is not important because plaintiffs'

claims against Wenger and MTGS are frivolous and unlikely to survive a motion to dismiss.

Defendants contend that "[t]he new allegations assert vicarious liability for the prospective

defendants' alleged failure to control an unrelated service provider, Rathbun," and that "[t]he

'new' documents only establish that Wenger provided a time and place for its independent

contractor to make the requested delivery."  Ds. Resp. at 5.  Thus defendants maintain that

the new documents do not give rise to vicarious liability on the part of Wenger and MTGS.

The court will assume *arguendo* that the amendment is important because doing so

does not affect the court's assessment of the four factors holistically.  *See Matamoros*, 2015

WL 4713201, at *3-4 (assuming *arguendo* that amendment adding two defendants was

important "[b]ecause doing so d[id] not affect the court's assessment of the four factors

holistically," and concluding that plaintiff had failed to demonstrate good cause under Rule

16(b)(4) to amend the scheduling order).

3

The court will consider together the third factor—the potential prejudice to Rathbun

and R&E in allowing the amendment—and the fourth factor—the availability of a continuance to cure such prejudice.

Plaintiffs maintain that Rathbun and R&E will not be prejudiced if the court allows the amendment because discovery in this case is still in the initial stages, and the amendment will not result in undue delay. Defendants contend, however, that they will be substantially prejudiced if plaintiffs are granted leave to join Wenger and MTGS. They posit that adding MTGS, a non-diverse party, would destroy diversity jurisdiction, and they would be forced to litigate the case in state court. Defendants also assert that, if Wenger and MTGS are joined, they would likely request Rathbun's deposition. And defendants maintain that the parties agreed to expedite Rathbun's deposition because his health is rapidly deteriorating due to stage IV esophageal cancer. Defendants further contend that it is highly unlikely that Rathbun will be alive or physically able to appear for a second deposition by the time Wenger and MTGS appear, and that Wenger and MTGS may assert prejudice in their defense. Defendants also argue that adding Wenger and MTGS would lead to additional expense.

The court concludes that granting plaintiffs leave to join Wenger and MTGS, a non-diverse party, would prejudice Rathbun and R&E, and that a continuance would not cure the prejudice. "When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity, 28 U.S.C. § 1447(e) gives the court the discretion to deny joinder or permit it and remand the case to state court." *Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) (citing *Hensgens v. Deere*

- 10 -

& *Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).[3] "The court must therefore balance the original

defendant's interest in maintaining a federal forum with the competing interest in avoiding

potentially parallel litigation." *Anaya v. Schindler Elevator Corp.*, 2011 WL 1807786, at *1

(N.D. Tex. May 12, 2011) (Fitzwater, C.J.) (citation omitted).

> In determining whether to allow a non-diverse party to be
> joined, the court considers four factors: (1) whether plaintiff's
> purpose is to defeat federal jurisdiction; (2) whether plaintiff has
> been dilatory in asking for an amendment; (3) whether plaintiff
> will be significantly injured if amendment is not allowed; and
> (4) any other factors bearing on the equities.

*Id.* (citing *Hensgens*, 833 F.2d at 1182).

    As discussed above, plaintiffs have been dilatory in seeking leave to join Wenger and

MTGS as parties, and they have failed to demonstrate that they will be significantly

prejudiced if they cannot do so.  "Although [plaintiffs] may be forced to litigate [their] action

against [Wenger and MTGS] in state court, which would entail parallel litigation that would

involve inefficiency and additional expense, this cost is insufficient to demonstrate that

[plaintiffs] will be *significantly* injured." *Nieves*, 2014 WL 2587577, at *3 (emphasis in

original) (citing *Anaya*, 2011 WL 1807786, at *3 (noting that denying motion to join did not

deprive plaintiff of all of her remedies against non-diverse potential defendant)).  Moreover,

granting leave to join Wenger and MTGS would undermine defendants' interest in

maintaining a federal forum, and this interest outweighs any injury that plaintiffs may have

---

    [3]28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join
additional defendants whose joinder would destroy subject matter jurisdiction, the court may
deny joinder, or permit joinder and remand the action to the State court."

from pursuing their lawsuit against Wenger and MTGS in state court.  *See id.* (citing *Anaya*, 2011 WL 1807786, at *3 (concluding that diverse defendant's interest in maintaining federal forum outweighed plaintiff's interest in avoiding parallel litigation)).   Under these circumstances, the equities favor denying amending the scheduling order for the purpose of enabling plaintiffs to seek leave to join Wenger and MTGS as defendants.

4

Assessing the four factors holistically, *see Service Temps*, 2009 WL 3294863, at *3, the court holds that plaintiffs have failed to demonstrate good cause to amend the scheduling order so that they can join Wenger and MTGS.

*   *   *

For the reasons explained, plaintiffs' motion for leave to file amended complaint joining Wenger and MTGS is denied.

**SO ORDERED**.

May 3, 2016.

_____

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 12 -